## ENOCH HOLLIS *vs.* JONATHAN MORRIS.

A former recovery is conclusive as to all matters that might have been included in it, unless it be shown that the matter sued for was not in fact included in the former action.

If A. place his goods in the hands of B. for a fraudulent purpose, a court of justice will not aid him to recover them back.

Assumpsit for the price of a gig and harness, sold and delivered. Pleas, non-assumpsit; payment: set-off, and the act of limitation.

The case was singularly circumstanced on the evidence. Admissions of the defendant that he had bought the gig were proved; and it was also proved that the plaintiff had repeatedly declared that he had *not* sold the gig to defendant, but had hired it to him.

The truth of the matter was, that Hollis, being in failing circumstances, had placed this gig with other property in the hands of Morris, under pretence of a sale, but really to defraud his creditors. Morris afterwards refusing to give it up, Hollis brought an action of assumpsit (ante p. 3,) in which the defence was as to this gig, that it was not bought but hired. The jury gave a general verdict for the plaintiff, excluding, as he supposed, the price of the gig. The defendant then brought an action of trover for the gig, and recovered a verdict, (ante p. 4;) whereupon Hollis again sued him for the value of the gig.

The defence set up was fraud; and a former recovery; as to which, *The Court* charged,

1st. That the former recovery was conclusive on all subjects and causes of action that might have been included in the former suit, *unless* the plaintiff shows by proof, that the matter now sued for, was not in fact included in that action. 16 *Johns. Rep.* 136; 2 *Ibid.*

2d. That if the gig was placed with the defendant by plaintiff, to defraud his creditors, and there was no actual bona fide sale of it, the plaintiff is not entitled to the aid of a court of justice to recover it back.

Verdict for defendant.

*Brincklœ,* for plaintiff.
*Cullen,* for defendant.